UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SKANSKA USA BUILDING INC.,
a Delaware Corporation,

       Plaintiff,

v.

THE UNITED STATES OF AMERICA,
UNITED FIRE & CASUALTY CO., an
Iowa corporation, and NORTH
AMERICAN SPECIALTY INSURANCE
CO., a New Hampshire corporation,

       Defendants

and

UNITED FIRE CASUALTY CO., an
Iowa corporation, and NORTH
AMERICAN SPECIALTY INSURANCE
CO., a New Hampshire corporation,

       Cross-Plaintiffs,

v.

THE UNITED STATES OF AMERICA,

       Cross-Defendant.
_____/

Case No. 08-10862

HONORABLE SEAN F. COX
United States District Judge

OPINION & ORDER GRANTING THE GOVERNMENT'S
MOTION FOR RECONSIDERATION [Doc. No. 35]

Plaintiff Skanska U.S.A. Building, Inc. ("Skanska") filed this interpleader action on February 29, 2008. On May 27, 2009, the Court granted in part and denied in part the cross-motions for summary judgment between cross-plaintiffs United Fire & Casualty Company

1

("UF&C") and North American Specialty Insurance Company ("NAS") (collectively, "the Sureties") and cross-defendant the United States of America ("the Government"). [*See* May 27, 2009 Opinion & Order, Doc. No. 33]. The matter is currently before the Court on the Government's Motion for Reconsideration [Doc. No. 35]. Because the Government has demonstrated a palpable defect by which the Court was misled in analyzing the cross-motions for summary judgment, the Court **GRANTS** the Government's motion for reconsideration [Doc. No. 35], and will issue a judgment entitling the Government to the entirety of the funds at issue in this action.

## BACKGROUND

The underlying facts of this case were laid out by this Court in its May 27, 2009 Opinion & Order [Doc. No. 33, pp.2-5], and need not be restated in this opinion. In determining which entities were entitled to priority to the $98,810.00 at issue in the cross-motions for summary judgment, the Court determined a priority date for each claim by the parties, arriving at the following table which appeared in the Court's May 27, 2009 Opinion & Order:

> These Funds are distributed on a first-come, first served basis by the date each interest was perfected. For the sureties, the relevant date is the day on which they were presented with claims upon their bonds by C&H creditors. For the IRS, the relevant date is the day on which it assessed taxes owed by C&H. The combined claims of the sureties and the IRS, in order of priority, are as follows:
>
> | Claimant | Description | Amount | Date |
> |---|---|---|---|
> | Sureties (UF&C) | Jackie's Transport | $9,991.50 | 9/13/2005 |
> | IRS | Withholding/FICA | $2,311.45 | 12/19/2005 |
> | Sureties (NAS) | Van Husen | $46,242.67 | 3/6/2006 |
> | Sureties (UF&C) | Grand River Infrastructure | $5,581.07 | 3/8/2006 |
> | Sureties (UF&C) | Spalding DeDecker | $895.84 | 4/6/2006 |
> | IRS | Withholding/FICA | $1,880.31 | 4/24/2006 |
> | Sureties (UF&C) | Lind Paving Company | $5,386.20 | 6/9/2006 |
> | IRS | Heavy Vehicle Use | $96.32 | 10/16/2006 |
> | IRS | Unemployment | $193,291.28 | 12/4/2006 |

| | | | |
|---|---|---|---|
| IRS | Withholding/FICA | $153,467.38 | 1/1/2007 |
| IRS | Withholding/FICA | $73,293.79 | 6/4/2007 |
| Sureties (UF&C) | C&H Employees (wages) | $53,475.00 | 6/8/2007 |
| Sureties (UF&C) | C&H Employees (wages) | $20,592.00 | 6/18/2007 |
| Sureties (NAS) | C&H Employees (wages) | $5,231.00 | 6/18/2007 |
| Sureties (UF&C) | C&H Employees (wages) | $8,519.00 | 6/18/2007 |
| Sureties (NAS) | C&H Employees (wages) | $7,688.00 | 6/18/2007 |
| Sureties (NAS) | C&H Employees (wages) | $20,363.00 | 6/18/2007 |
| Sureties (UF&C) | C&H Employees (wages) | $44,740.00 | 8/15/2007 |
| Sureties (UF&C) | C&H Employess (wages) | $3,332.00 | 8/29/2007 |

[Doc. No. 33, pp.12-13]. The Court's May 27, 2009 Opinion & Order then contained the following analysis paragraph:

> Two lines separate the claims in this chart into three groups. The first group represents those claims accruing between September 13, 2005 and October 16, 2006, which the creditors for those claims recoup in their entirety based upon continuing availability of the Funds to satisfy these claims. The second group, consisting of the IRS's claim to $193,291.28 in unemployment taxes on December 4, 2006, is only reimbursed in the amount of $26,424.64. This is because, on December 4, 2006, only that amount remained of the Funds. The third group, consisting of claims accruing in 2007, goes unreimbursed based upon there being no remaining Funds with which to satisfy those claims.

*Id*. at p.13. Thus, the Court ordered that the Sureties were entitled to the entirety of the Interpled Funds totaling $38,866.00, and ordered disgorgement of $29,231.20 of the Levied Funds from the IRS pursuant to 26 U.S.C. § 7426(a)(1). *Id*.

On July 15, 2009, the Government filed its Motion for Reconsideration [Doc. No. 35], which argued as follows:

> . . . this Court's order suggests that "the Sureties became obligated to pay the creditors of [the Taxpayer] C&H upon receipt of their claims." In fact, the Sureties were not so obligated with respect to the five earliest claims enumerated at page 12 of this Court's order ("the Pertinent Claims"), since the Taxpayer satisfied the obligations that underlay those bond claims.

[Government's Br., Doc. No. 35, p.1]. Specifically, the Government contends, and provides supporting documentation evidencing, that the following five claims against the Sureties were

3

ultimately satisfied by the Taxpayer, and thus should not be considered for reimbursement in this lawsuit:

| Claimant | Description | Amount | Date Satisfied |
|---|---|---|---|
| Sureties (UF&C) | Jackie's Transport | $9,991.50 | 11/15/2005 |
| Sureties (NAS) | Van Husen | $46,242.67 | 4/22/2008 |
| Sureties (UF&C) | Grand River Infrastructure | $5,581.07 | 5/4/2006 |
| Sureties (UF&C) | Spalding DeDecker | $895.84 | 8/16/2006 |
| Sureties (UF&C) | Lind Paving Company | $5,386.20 | 1/17/2007 |

*Id.* at p.2. The Sureties' response brief [Doc. No. 37] does not dispute that these amounts were actually satisfied by the taxpayer, as opposed to being satisfied by the Sureties themselves. The Sureties' brief, however, does argue that the Court erred in calculating the priority dates for the IRS tax liens competing for priority to the funds relevant to this lawsuit. [Doc. No. 37, pp.4-6]. To the extent that the Sureties' response brief can be considered a motion for reconsideration in its own right, the Court finds that this argument constitutes "mere[] present[ation of] the same issues ruled upon by the court" in the May 27, 2009 Opinion & Order, and thus declines to revisit that argument in this Opinion & Order.

## STANDARD OF REVIEW

The Court's local rule regarding motions for reconsideration states, in pertinent part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication. *The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but must also show that correcting the defect will result in a different disposition of the case.*

E.D. Mich. L.R. 7.1(g)(3) (emphasis added).

## ANALYSIS

It was never this Court's intention to imply in the May 27, 2009 Opinion & Order that the receipt of a bond claim is *prima facie* evidence not only of a principal's default, but of a surety's obligation to pay that claim. To the contrary, that Opinion & Order stated as follows:

> In this case, *there is no dispute that the Sureties became obligated to pay the creditors of C&H upon receipt of their claims.* Therefore, the Sureties receive priority dates for the individual funds disbursed to C&H creditors on the date[s] those claims were presented to the Sureties.

[May 27, 2009 Opinion & Order, Doc. No. 33, p.12 (emphasis added)].

Though it appears that neither party intended to mislead the Court regarding the payment status of the five claims in question in this motion, the Court issued its May 27, 2009 Opinion & Order under the mistaken assumption that those five claims were *actually paid by the Sureties*. Upon review of the evidence presented by the Government in this motion, it is apparent that this prior assumption by the Court was in error, and which constitutes a "palpable defect" that warrants a "different disposition of the case" upon correction.

To be clear, the Court's legal analysis in the May 27, 2009 Opinion & Order remains unchanged by this order. *All that need be amended is the application of that legal analysis to the facts of this case*. Thus, as held in the May 27, 2009 Opinion & Order:

> These Funds are distributed on a first-come, first served basis by the date each interest was perfected. For the sureties, the relevant date is the day on which they were presented with claims upon their bonds by C&H creditors [*that were actually paid*]. For the IRS, the relevant date is the day on which it assessed taxes owed by C&H.

*Id*. at 12. Adjusting the Court's table to reflect the relevant claims which were *actually paid by the Sureties* results in the following table of claims, to be distributed on a first-come, first served basis:

| Claimant | Description | Amount | Date |
| --- | --- | --- | --- |

| | | | |
|---|---|---|---|
| IRS | Withholding/FICA | $2,311.45 | 12/19/2005 |
| IRS | Withholding/FICA | $1,880.31 | 4/24/2006 |
| IRS | Heavy Vehicle Use | $96.32 | 10/16/2006 |
| IRS | Unemployment | $193,291.28 | 12/4/2006 |
| IRS | Withholding/FICA | $153,467.38 | 1/1/2007 |
| IRS | Withholding/FICA | $73,293.79 | 6/4/2007 |
| Sureties (UF&C) | C&H Employees (wages) | $53,475.00 | 6/8/2007 |
| Sureties (UF&C) | C&H Employees (wages) | $20,592.00 | 6/18/2007 |
| Sureties (NAS) | C&H Employees (wages) | $5,231.00 | 6/18/2007 |
| Sureties (UF&C) | C&H Employees (wages) | $8,519.00 | 6/18/2007 |
| Sureties (NAS) | C&H Employees (wages) | $7,688.00 | 6/18/2007 |
| Sureties (NAS) | C&H Employees (wages) | $20,363.00 | 6/18/2007 |
| Sureties (UF&C) | C&H Employees (wages) | $44,740.00 | 8/15/2007 |
| Sureties (UF&C) | C&H Employess (wages) | $3,332.00 | 8/29/2007 |

As in the May 27, 2009 Opinion & Order, two lines separate the claims in this chart into three groups. The first group represents those claims accruing between December 19, 2005 and October 16, 2006, which the creditors for those claims (i.e., the IRS) recoup in their entirety based on the continuing availability of funds to satisfy those claims. The second group, consisting of the IRS's claim to $193,291.28 in unemployment taxes on December 4, 2006, is only reimbursed in the amount of $94,521.92. This is because, on December 4, 206, only that amount remained of the funds. The third group, consisting of claims accruing in 2007, goes unreimbursed based upon their being no remaining funds with which to satisfy those claims.

Thus, upon reconsideration of its prior Opinion & Order, and factoring out those claims by the Sureties which were not actually paid, the Court holds that the IRS is entitled to the entirety of the funds at issue in this lawsuit: 1) the $38,866.00 in Interpled Funds; and 2) the $59,944.00 in Levied Funds.

## CONCLUSION

For the reasons explained above, the Court finds a "palpable defect" in its May 27, 2009

Opinion & Order, which, when remedied, "results in a different disposition of the case." Thus, the Court **GRANTS** the Government's Motion for Reconsideration [Doc. No. 35]. The Court will issue a **JUDGMENT** entitling the Government to the entirety of the funds at issue in this case. Counsel for the Government is **ORDERED** to submit a proposed order to this effect.

**IT IS SO ORDERED**.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  November 18, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 18, 2009, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager